**DE HONG ZHENG, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 08–0687–ag.

United States Court of Appeals, Second Circuit.

Oct. 16, 2008.

David X. Feng, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Mary Jane Candaux, Assistant Director; Kathleen Kelly Volkert, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RALPH K. WINTER and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner De Hong Zheng, a native and citizen of the People's Republic of China, seeks review of the January 14, 2008 order of the BIA denying his motion to file a successive asylum application. *In re De Hong Zheng*, No. A73 078 439 (B.I.A. Jan. 14, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, we lack jurisdiction to review the agency's decision insofar as it declined to exercise its discretionary

power to *sua sponte* reopen proceedings. *Zhao Quan Chen v. Gonzales,* 492 F.3d 153, 155 (2d Cir.2007).

Here, the BIA did not err in denying as untimely what it construed as Zheng's motion to reopen. We review the BIA's denial of a motion to reopen and reconsider for an abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

The BIA's regulations require an alien seeking to reopen proceedings to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 C.F.R. § 1003.2(c)(2). There is no dispute that Zheng's July 2007 motion was untimely where he was ordered deported in September 1996. *See id.* However, there is no time limit for filing a motion to reopen "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). Here, the BIA properly found that Zheng's motion did not qualify for such an exception.

It is well-settled that a change in personal circumstances, such as Zheng's newly commenced practice of Falun Gong, does not excuse the time limit for filing a motion to reopen. *See Li Yong Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir.2005). Moreover, the BIA correct-ly found that Zheng's evidence did not demonstrate changed country conditions in China related to his Falun Gong claim. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006). Finally, contrary to Zheng's argument, he was not eligible to file a successive asylum application independent of the requirements of 8 U.S.C. § 1229a(c)(7)(C)(ii). *See Yuen Jin v. Mukasey,* 538 F.3d 143, 156 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.