*Zheng v. Lynch*

BIA
A098 288 963

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of July, two thousand fifteen.

PRESENT:
> RALPH K. WINTER,
> GUIDO CALABRESI,
> PETER W. HALL,
> > *Circuit Judges.*

_____

FENG ZHENG,
> *Petitioner,*

> v.                                            14-2435
>                                               NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,*
> *Respondent.*

_____

FOR PETITIONER:          Jay Ho Lee, New York, New York.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr., as the Respondent in this case.

**FOR RESPONDENT:**     Benjamin C. Mizer, Acting Assistant Attorney General; Christopher C. Fuler, Deputy Chief, Alison Marie Igoe, Senior Counsel for National Security, National Security Unit, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Feng Zheng, a native and citizen of the People's Republic of China, seeks review of a June 12, 2014, decision of the BIA denying her motion to reconsider. *In re Feng Zheng*, No. A098 288 963 (B.I.A. June 12, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

A motion to reconsider must be filed within 30 days of the challenged decision and must specify an error of law or fact in that decision. 8 C.F.R. § 1003.2(b)(2). Because Zheng's 2014 motion to reconsider was filed more than seven years after the 2006 decision she asked the BIA to reconsider, the BIA did not abuse its discretion in denying the motion as untimely.

2

*Zhao Quan Chen v. Gonzales*, 492 F.3d 153, 154 (2d Cir. 2007) (per curiam). However, Zheng does not challenge the BIA's denial of her motion to reconsider as untimely; instead, she argues that the BIA abused its discretion in declining to exercise its sua sponte authority to reconsider.

We lack jurisdiction to review the BIA's determination that a case does not warrant the exercise of its sua sponte authority. *See Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006). Nonetheless, where the BIA may have declined to exercise its sua sponte authority "because it misperceived the legal background," we retain jurisdiction and remand may be appropriate for consideration of the correct law. *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009).

Contrary to Zheng's contention, the BIA did not misperceive the legal background when it declined to reconsider its prior decision based on Zheng's argument that *Negusie v. Holder*, 555 U.S. 511 (2009), affected the analysis of whether she was subject to the persecutor bar to asylum. *Negusie* was issued in 2009, three years after the BIA's decision and five years before Zheng moved to reconsider. Furthermore, the Supreme Court remanded *Negusie* to the BIA for a determination in the

3

first instance of whether there was a duress exception to the persecutor bar. *Negusie*, 555 U.S. at 523-24. Zheng does not argue that she was under duress when, as a nurse in China, she assisted in forced sterilizations and abortions. Indeed, the record shows that Zheng's actions were voluntary: she testified that she assisted in sterilizations and abortions because it was her job to do so, and an immigration judge concluded that Zheng did not qualify for asylum "because she voluntarily participated in the persecution of others." Accordingly, we lack jurisdiction to review Zheng's petition. *See Ali*, 448 F.3d at 518; *cf*. *Mahmood*, 570 F.3d at 469-71.

For the foregoing reasons, the petition for review is DISMISSED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

4