Persaud v. Lynch

BIA
A089 009 778

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of April, two thousand sixteen.

PRESENT:
      RALPH K. WINTER,
      GUIDO CALABRESI,
      RAYMOND J. LOHIER, JR.,
         *Circuit Judges.*

_____

RANALD PERSAUD, AKA RONALD PERSAUD,
      *Petitioner,*

      v.

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

15-9

NAC

| FOR PETITIONER: | Samuel N. Iroegbu, Albany, New York. |
|---|---|
| FOR RESPONDENT: | Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Daniel E. Goldman, Senior Litigation Counsel; Jonathan Robbins, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Ranald Persaud, a native and citizen of Guyana, seeks review of a December 8, 2014, decision of the BIA denying his motion for reconsideration. *In re Ranald Persaud,* No. A089 009 778 (B.I.A. Dec. 8, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reconsider for abuse of discretion. *Zhao Quan Chen v. Gonzales*, 492 F.3d 153, 154 (2d Cir. 2007). Because a motion to reconsider must be filed within 30 days of the challenged decision, and Persaud moved for reconsideration more than seven months after the decision he asked the BIA to reconsider, the BIA did not abuse its discretion in denying the motion as untimely. 8 U.S.C. § 1229a(c)(6)(B).

We otherwise lack jurisdiction to review the BIA's determination that Persaud did not warrant the exercise of its sua sponte authority to reconsider. *See Ali v. Gonzales*, 448

F.3d 515, 518 (2d Cir. 2006). Although we may remand if the BIA may have declined to exercise its sua sponte authority "because it misperceived the legal background," *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009), there is no such misperception here.

Cancellation of removal for a non-permanent resident alien like Persaud has four conditions, all of which must be met for relief. 8 U.S.C. § 1229b(b)(1)(A)-(D). One condition is a finding of good moral character, § 1229b(b)(1)(B); another is that the alien has not been convicted of (*inter alia*) a crime involving moral turpitude ("CIMT"), § 1229b(b)(1)(C). A CIMT both serves as an independent basis for denying cancellation of removal and precludes a finding of good moral character. §§ 1101(f), 1229(b)(1)(C). In this case, the IJ and the BIA initially found that Persaud could not establish good moral character, but did not find that any of his crimes involved moral turpitude.

In requesting reconsideration , Persaud argued that he had not been convicted of any crimes involving moral turpitude. But the BIA did not misperceive Persaud's eligibility, as criminal history can render an alien unable to demonstrate good

3

moral character even if none of the crimes are CIMTs. 8 U.S.C. § 1101(f). Accordingly, the BIA's denial of reconsideration did not rest on any misperception in the law, and we lack jurisdiction to consider Persaud's petition further.

For the foregoing reasons, the petition for review is DISMISSED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4