15-2717
Orellana Merchan v. Sessions

BIA
A088 445 134

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of February, two thousand seventeen.

PRESENT:
    DENNIS JACOBS,
    ROSEMARY S. POOLER,
    CHRISTOPHER F. DRONEY,
        *Circuit Judges.*
_____

JAIME FERNANDO ORELLANA MERCHAN,
        *Petitioner,*

    v.                                      15-2717
                                            NAC
JEFF SESSIONS, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Gregory C. Osakwe, Hartford, CT.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; Anthony
                       P. Nicastro, Assistant Director;
                       Dana M. Camilleri, Trial Attorney,
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED for lack of jurisdiction.

Petitioner Jaime Fernando Orellana Merchan, a native and citizen of Ecuador, seeks review of an August 7, 2015, decision of the BIA denying his motion to reconsider a May 2015 BIA decision, which affirmed a decision of an Immigration Judge ("IJ") denying Orellana's application for cancellation of removal. *In re Jaime Fernando Orellana Merchan,* No. A088 445 134 (B.I.A. Aug. 7, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review denials of motions to reconsider for abuse of discretion. *Zhao Quan Chen v. Gonzales*, 492 F.3d 153, 154 (2d Cir. 2007). An alien seeking reconsideration must "specify the errors of law or fact in the previous order and [support the motion with] pertinent authority." 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 173 (2d Cir. 2008).

Orellana challenges the agency's underlying determination that he failed to establish that his removal would result in exceptional and extremely unusual hardship to his U.S.-citizen children. We lack jurisdiction over that challenge because the

2

petition for review was not timely filed from the BIA's May 2015 decision. *See Stone v. INS*, 514 U.S. 386, 405 (1995) (requiring separate timely petitions for review of the final removal order and the denial of a motion to reconsider or reopen); *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (same); *see also* 8 U.S.C. § 1252(b)(1)("The petition for review must be filed not later than 30 days after the date of the final order of removal."); *Luna v. Holder*, 637 F.3d 85, 92 (2d Cir. 2011). While Orellana's brief specifies that he is "petition[ing] for review of the BIA's decision denying his motion to reconsider," Petitioner's Br. ("PB") at 18, it makes no arguments concerning the denial of reconsideration and challenges only the agency's underlying denial of cancellation of removal.

Even construing Orellana's challenges as pertaining to the BIA's denial of reconsideration, we still lack jurisdiction over the petition. Notwithstanding Orellana's assertions to the contrary, it is well settled that we generally lack jurisdiction to review the agency's determination that an applicant has failed to establish "exceptional and extremely unusual hardship" because that is a discretionary determination reserved for the agency. *See* 8 U.S.C. § 1252(a)(2)(B); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39 (2d Cir. 2008). We nevertheless have jurisdiction to review constitutional claims

3

and questions of law, 8 U.S.C. § 1252(a)(2)(D), which may "'arise for example in fact-finding which is flawed by an error of law' or 'where a discretionary decision is argued to be an abuse of discretion because it was made without rational justification or based on a legally erroneous standard,'" *Barco-Sandoval*, 516 F.3d at 39 (quoting *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006)). To ascertain whether a petitioner raises constitutional challenges or questions of law over which we have jurisdiction, we "study the argument[] asserted [and] . . . determine, regardless of the rhetoric employed in the petition, whether it merely quarrels over the correctness of the factual findings or justification for the discretionary choices, in which case the court would lack jurisdiction." *Xiao Ji Chen*, 471 F.3d at 329.

Orellana's assertion that the IJ "downplay[ed]" the seriousness of his daughter's foot condition, PB at 25, fails to raise a constitutional claim or a question of law. *Compare Xiao Ji Chen*, 471 F.3d at 329-30 (finding no constitutional claim or question of law raised), *with Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009) (finding error of law in a hardship determination where "facts important to the subtle determination of 'exceptional and extremely unusual hardship'

4

have been *totally overlooked* and others have been *seriously mischaracterized*" (emphasis added)).  In any event, neither the BIA nor the IJ "totally overlooked" or "seriously mischaracterized" Orellana's daughter's foot condition; both the IJ and the BIA considered it in the context of the hardship determination, and Orellana did not submit *any* medical documentation to support a diagnosis or the condition's severity.  *See Mendez*, 566 F.3d at 323.

Lastly, as the Government argues, Orellana's remaining arguments are unexhausted.  *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 123 (2d Cir. 2007) (providing judicially-imposed issue exhaustion "will usually mean that issues not raised to the BIA will not be examined by the reviewing court").  Orellana did not previously raise his arguments that he suffered a violation of the Vienna Convention and that his attorney before the agency was ineffective.  Orellana's ineffective assistance claim is also procedurally deficient because he has yet to comply with the *Lozada* requirements.  *See Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46 (2d Cir. 2005) (requiring substantial compliance with *Lozada* to preserve an ineffective assistance of counsel claim); *see also In re Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988).

For the foregoing reasons, the petition for review is DISMISSED for lack of jurisdiction.  As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot

                                FOR THE COURT:
                                Catherine O'Hagan Wolfe, Clerk