04-1389-ag
Chen v. Gonzales

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2006

(Argued: June 15, 2007      Decided: June 25, 2007)

Docket No. 04-1389-ag

- - - - - - - - - - - - - - - - - - - -x

ZHAO QUAN CHEN,

             Petitioner,

       -v.-

ALBERTO GONZALES, Attorney General,[*]

         Respondent.

- - - - - - - - - - - - - - - - - - - -x

    Before:        JACOBS, Chief Judge, SOTOMAYOR, and
                     WESLEY, Circuit Judges.

Petition for review of a final decision and order of the Board of Immigration Appeals denying petitioner's motion for reconsideration of the denial of petitioner's motion to reopen.

Petition denied.

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto Gonzales is substituted for his predecessor, Attorney General John Ashcroft, as respondent.

Norman Kwai Wing Wong, New York, NY, for Petitioner.

MICHAEL J. EDNEY, United States Department of Justice, Office of Legal Counsel (Fred T. Hinrichs, Assistant United States Attorney, Donald J. DeGabrielle, Jr., United States Attorney for the Southern District of Texas, Houston, TX, on the brief), for Respondent.

PER CURIAM:

Zhao Quan Chen, a native and citizen of China, seeks review of a March 5, 2004 order of the Board of Immigration Appeals ("BIA") denying his motion to reconsider the BIA's January 6, 2004 denial of the motion to reopen his immigration proceedings.

This Court earlier denied Chen's petition for review from the BIA's November 9, 1999 decision affirming the IJ's denial of a motion to reopen proceedings in which a deportation order was issued against Chen in absentia after Chen failed to appear at his hearing. See Zhao Quan Chen v. INS, 85 F. App'x 223 (2d Cir. 2003). On October 9, 2003, soon before this Court issued its decision, Chen filed a motion to reopen with the BIA, on the premise that, after the BIA's 1999 decision, the INS approved an I-140 petition filed by Chen's employer on his behalf. The BIA denied

2

Chen's motion to reopen as untimely because it was filed more than 90 days after the issuance of the BIA's final decision in 1999. See 8 C.F.R. § 1003.2(c)(2). Chen argued in his motion to reconsider--and argues again here--in the alternative (1) that his pending petition for review before this Court rendered the BIA's decision non-final, and therefore the 90-day period had not yet begun to run; (2) that his pending petition for review before this Court equitably tolled the 90-day period; or (3) that the BIA should have granted the motion on humanitarian grounds notwithstanding its untimeliness.

The BIA's denial of a motion to reopen or reconsider is reviewed for abuse of discretion. See Jin Ming Liu v. Gonzales, 439 F.3d 109, 111 (2d Cir. 2006). The BIA abuses its discretion if it acts arbitrarily or capriciously, that is, when it provides no rational explanation, departs from established policies without explanation, or justifies its decision with only conclusory statements. See Kaur v. BIA, 413 F.3d 232, 234 (2d Cir. 2005) (per curiam). Here the BIA acted well within its discretion.

With some exceptions not relevant here, a motion to reopen "shall be filed within 90 days of the date of entry

3

of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i). See also 8 C.F.R. § 1003.2(c)(2). Chen's motion to reopen was therefore late--by approximately three years and eight months.

Chen's argument that the BIA's decision was not "final" until this Court had reviewed it is unavailing. Courts have long recognized that the filing of a motion to reopen before the BIA does not impact the finality of a removal order, see Stone v. INS, 514 U.S. 386, 405-06 (1995), and that therefore the limitations period for a petition for review of a "final order of removal" under 8 U.S.C. § 1252(b)(1) begins to run immediately upon the order's issuance by the BIA, see Kaur, 413 F.3d at 233 (citing Stone, 514 U.S. at 405-06). Likewise, we see no reason why the filing of a petition for review should affect finality. Indeed, this Court has jurisdiction to review only petitions for review of final orders of removal. See 8 U.S.C. § 1252(d). If Chen were correct that an order of the BIA is not final until this Court has issued its decision, then we would have no jurisdiction over a petition for review until we had already decided it; this cannot be the case.

Just as meritless is Chen's argument that the

4

limitations period for a motion to reopen should have been equitably tolled until this Court had issued its decision on his petition. The statutory scheme governing our review is inconsistent with the notion that a petition for review tolls any limitations period applicable to motions before the BIA. That is because "any review sought of a motion to reopen or reconsider [a removal order] shall be consolidated with the review of the order." 8 U.S.C. § 1252(b)(6). Congress thus contemplated that a motion to reopen or reconsider might be filed concurrently with a petition for review. See Randhawa v. Gonzales, 474 F.3d 918, 921 (6th Cir. 2007). If the filing of a petition for review obviated any need to file a motion to reopen in a timely fashion, we would likely never invoke § 1252(b)(6) to simultaneously review a removal order and the denial of a motion to reopen, and all petitioners whose first petition for review was unsuccessful would invariably appear a second time (which, as a practical matter, might be years later) with arguments similar or identical to those advanced by the previous petition for review. Such a result, which is inefficient and ripe for abuse, would be at odds with the spirit of § 1252(b)(6). See Randhawa, 474 F.3d at 922. Thus, "only [a

5

no-tolling] rule gives meaning to [§ 1252(b)(6)]." Stone, 514 U.S. at 395.

In any event, Chen adduced no evidence in the BIA that he exercised due diligence during the relevant period, see Jin Bo Zhao v. INS, 452 F.3d 154, 157 (2d Cir. 2006), and he provided no explanation as to why his pending petition for review impaired his ability to file a motion to reopen. And any such explanation would have been disingenuous since Chen actually filed his motion to reopen before this Court issued any decision on his petition for review.

As to Chen's argument that the BIA should have reopened the case for humanitarian reasons notwithstanding the motion's untimeliness, we lack jurisdiction to review the BIA's refusal to exercise its discretionary power to reopen sua sponte under 8 C.F.R. § 1003.2(a). Ali v. Gonzales, 448 F.3d 515, 518 (2d Cir. 2006).

For the reasons set forth above, the petition is hereby DENIED. Chen's motion for a stay of removal is DISMISSED as moot.