**Altin HAXHARI, Rita Haxhari,
Petitioners,**

v.

**Alberto GONZALES, United States
Attorney General, Respondent.**

No. 07–0267–ag.

United States Court of Appeals,
Second Circuit.

Aug. 20, 2007.

Aleksander Milch, Esq., Christophe & Associates, P.C., New York, NY, for Petitioners.

Peter D. Keisler, Assistant Attorney General, Civil Division; Linda S. Wernery, Assistant Director; Thankful T. Vanderstar, Trial Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. PIERRE N. LEVAL and Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Petitioners Altin and Rita Haxhari, both natives and citizens of Albania, seek review of a January 11, 2007 order of the BIA denying their motion to reopen their removal proceedings. *In re Altin Haxhari, Rita Haxhari,* Nos. A 95 467 979, A 95 467 980 (B.I.A. Jan. 11, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA denies a motion to reopen, this Court reviews its decision for an abuse of discretion. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

■ The BIA did not abuse its discretion in denying the Haxharis' untimely motion. The BIA previously dismissed the Haxharis' appeal in August 2004, and the Haxharis did not file their motion to reopen until October 2006, well beyond the ninety-day deadline. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no basis for the application of equitable tolling in this case. The Haxharis have not alleged ineffective assistance of counsel or any other exceptional circumstance that prevented them from filing their motion to reopen within the time allowed. *Cf. Iavorski v. INS,* 232 F.3d 124, 132–33 (2d Cir.2000). Moreover, the pending I–130 visa petition filed on Mr. Haxhari's behalf by his brother does not entitle the Haxharis to remain in the United States and does not warrant the tolling of the deadline. *See Hadayat v. Gonzales,* 458 F.3d 659, 661 (7th Cir.2006). Finally, despite the Haxharis' argument to the contrary, a pending petition for review of an underlying removal order does not toll the limitations period for a motion to reopen. *Zhao Quan Chen v. Gonzales,* 492 F.3d 153, 155 (2d Cir.2007).

■ The BIA also did not abuse its discretion in finding that the materials the Haxharis submitted as evidence of changed country conditions in Albania did not make out a *prima facie* showing of

eligibility for asylum, withholding of removal, or relief under Article III of the Convention Against Torture. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). None of the articles supporting the Haxharis' motion to reopen suggested that the situation in Albania had changed for the worse since the Haxharis' removal hearing or that the Haxharis would be more likely to suffer persecution as a result.

■ Furthermore, the Haxharis' argument that the BIA did not conduct a sufficiently thorough analysis of the evidence is meritless. While the BIA has an obligation to address all factors relevant to the petitioner's claim, the BIA need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (internal quotations marks omitted). The BIA must consider all evidence presented of changed country conditions, but "it may do so in summary fashion without a reviewing court presuming that it has abused its discretion." *Id.* Here, the BIA stated that it conducted "a thorough review of the motion and the supporting documents" and that it did not find the articles submitted by the Haxharis to be "sufficient to overcome the problems in proof or to provide *prima facie* evidence of eligibility for asylum relief." Our review of the record gives us no reason to doubt that the BIA considered all the evidence supporting the Haxharis' motion to reopen.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot. Petitioners' pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).