**RONG HUA WANG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 07–2525–ag.

United States Court of Appeals, Second Circuit.

May 7, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

**56**

Robert J. Adinolfi, New York, NY, for Petitioner.

Andrew C. MacLachlan, U.S. Department of Justice, Civil Division, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. ROSEMARY S. POOLER and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

■ The Respondent first moves to dismiss, for lack of jurisdiction, petitioner's petition for review of the May 21, 2007 order of the BIA denying his motion to reconsider and to reopen. This motion is denied because (a) we retain jurisdiction to review denials of even "meritless" motions to reopen or reconsider under the abuse of discretion standard, *see e.g., Zhao Quan Chen v. Gonzales,* 492 F.3d 153, 154–55 (2d Cir.2007), and (b) petitioner's failure to raise to the BIA the issues he now raises is not a jurisdictional bar, *see Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007) (holding that issue exhaustion is mandatory but not jurisdictional).

However, the motion for summary affirmance is granted. Wang was twice ordered removed *in absentia,* the second time in September 1997. He has filed three previous motions to reopen and reconsider, all of which were denied.

In September 2004, Wang, acting pro se, filed his third motion to reopen his deportation proceedings, alleging that his lawyer advised him not to appear at the 1997 hearing. Although the motion was untimely, the BIA construed Wang's pro se motion to seek equitable tolling due to ineffective assistance of counsel. *See Iavorski v. INS,* 232 F.3d 124 (2d Cir.2000);

*Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988). In a June 13, 2005 order, the BIA concluded that equitable tolling was not available, because Wang did not identify the allegedly ineffective lawyer, provided no evidence that he filed a complaint against the lawyer, did not act with due diligence in rectifying the error, and did not otherwise comply with the requirements of *Lozada.* Wang did not seek judicial review of this order.

Wang filed the instant motion to reconsider or reopen on December 5, 2006. A motion to reconsider "must be filed with the Board within 30 days after the mailing of the Board decision." 8 C.F.R. § 1003.2(b)(2). Similarly, "a party may file only one motion to reopen deportation or exclusion proceedings." *Id.* § 1003.2(c)(2). Wang's counsel did not argue to the BIA that any exception to the time or numerical limitations should apply. However, in a supporting affidavit, Wang stated (a) that his 1997 lawyer was ineffective and (b) that his wife filed a I–730 "Refugee Asylee Relative Petition" on his behalf on May 26, 2005, which was still pending.

■ First, insofar as Wang reiterated to the Board the same ineffectiveness argument presented earlier, again failing to meet the *Lozada* requirements, it was not an abuse of discretion for the BIA to decline to reconsider that argument. *See Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006) ("The BIA does not abuse its discretion by denying a motion to reconsider where the motion repeats arguments that the BIA has previously rejected.").

■ Second, neither Wang nor his counsel argued to the BIA that his pending I–730 petition should excuse the time and numerical bars. We therefore consider the issue waived. *Zhong,* 480 F.3d at 119–

20 (holding that issue exhaustion is mandatory).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for stay of removal is DISMISSED as moot.