**Thanaiswarree SAMSUNDAR,
Petitioner,**

v.

**Michael B. MUKASEY, Attorney General of the United States, Department of Justice, Respondent.***

No. 07–0710–ag.

United States Court of Appeals,
Second Circuit.

Oct. 2, 2008.

Bruno Joseph Bembi, Hempstead, N.Y., for Petitioner.

Robert N. Markle, Attorney, Office of Immigration Litigation (Linda S. Wendtland, Assistant Director, on the brief), for Michael Mukasey, U.S. Attorney General, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

On January 30, 2007, the Board of Immigration Appeals ("BIA") denied Thanaiswarree Samsundar's motion to reconsider its prior order, dated September 26, 2006, which had denied for a second time her appeal and motion for a remand of a January 15, 1999 decision of the Immigration Judge ("IJ"). In its 1999 decision, the IJ found, among other things, that Sam-

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey has been substituted for former Attorney General Alberto R. Gonzales as the respondent in this case. We direct the Clerk of Court to amend the official caption as noted.

sundar was ineligible for adjustment of status because she had entered into her first marriage for the sole purpose of obtaining an immigration benefit. In her original petition for review to our Court, Samsundar argued that the BIA abused its discretion in denying the motion to reconsider the remand. Following the close of briefing, she also filed a motion asking us to remand her case for consideration of her pending appeal from the revocation an I–130 form filed by her son on her behalf.

We review the denial of a motion to reopen for abuse of discretion. *Zhao Quan Chen v. Gonzales,* 492 F.3d 153, 154 (2d Cir.2007) (per curiam). Under 8 U.S.C. § 1255, the Attorney General may, in his discretion, adjust the status of an alien to an alien lawfully admitted for permanent residence if (1) the alien applies for such adjustment; (2) the alien is ineligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available at the time the alien files the application. *Mariuta v. Gonzales,* 411 F.3d 361, 365 (2d Cir.2005). Here, IJ found, and the BIA affirmed, that Samsundar was deportable "because she entered into a marriage, which she did not intend to be bona fide, for the purpose of securing an immigration benefit." Because Samsundar was found inadmissible and deportable because she had entered into a fraudulent marriage, she was not eligible for permanent residence in the United States. 8 U.S.C. § 1182(a)(6)(C)(i). Samsundar has not demonstrated abuse of discretion in this holding, nor in the denial of reconsideration thereof.

For substantially the same reason, we need not remand this case for consideration of Samsundar's appeal of the revocation of the I–130 form upon which she seeks to adjust her status. Even if that appeal is successful, it will be unavailing, because Section 204(c) of the Immigration and Nationality Act bars the approval of a petition for adjustment of status filed on behalf of an alien who has "has previously been accorded, or has sought to be accorded, an immediate relative or preference status as the spouse of a citizen of the United States or the spouse of an alien lawfully admitted for permanent residence, by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws" or who "has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws." 8 U.S.C. § 1154(c). Samsundar is therefore ineligible for adjustment of status even if her appeal of the I–130's revocation is ultimately successful.

We have considered all of Samsundar's remaining arguments and found them to be without merit. Accordingly, we DENY the petition for review, and DENY as moot her petition for remand for consideration of the I–130.