**YAN BIAO ZHAO, Petitioner,**

**v.**

**Michael B. MUKASEY, United States Attorney General, Respondent.**

**No. 07–5214–ag.**

United States Court of Appeals, Second Circuit.

Oct. 7, 2008.

Oleh R. Tustaniwsky, Hualian Law Offices, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Mary Jane Candaux, Assistant Director; Edward E. Wiggers, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. JOSEPH M. McLAUGHLIN, and Hon. GUIDO CALABRESI, Circuit Judges.

## SUMMARY ORDER

Petitioner Yan Biao Zhao, a native and citizen of the People's Republic of China, seeks review of the October 31, 2007 order of the BIA denying his motion to reopen. *In re Yan Biao Zhao*, No. A77 283 184 (B.I.A. Oct. 31, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

In reviewing the agency's denial of a motion to reopen, we have remained mindful of the Supreme Court's admonition that such motions are "disfavored." *See INS v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). We review the agency's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

■ As an initial matter, we lack jurisdiction to review the agency's decision insofar as it declined to exercise its discretionary power to *sua sponte* reopen proceedings. *Zhao Quan Chen v. Gonzales*, 492 F.3d 153, 155 (2d Cir.2007). Additionally, we need not reach Zhao's argument that the BIA abused its discretion in finding that he failed to establish changed country conditions sufficient to excuse the untimeliness of his motion to reopen where, as discussed below, the BIA properly found that he failed to establish *prima facie* eligibility for relief from removal. *See INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

■ We conclude that the BIA did not abuse its discretion in finding that the evidence Zhao submitted did not describe the persecution or torture of individuals similarly situated to him. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (recognizing that "[o]bjective reasonableness entails a showing that a reasonable person in the petitioner's circumstances would fear persecution if returned to his native country"). Indeed, the record evidence details the persecution or torture of individuals who, unlike Zhao, participated in political activities while they were in China and not while they were in the United States. Although a reasonable fact-finder could review the evidence of record and reach a conclusion different than that of the agency, we cannot conclude that on this record the BIA abused its discretion in finding that Zhao failed to demonstrate *prima facie* eligibility for relief. *See Ke Zhen Zhao*, 265 F.3d at 93. Thus, the BIA did not err in denying Zhao's motion to reopen. *See Abudu*, 485 U.S. at 104–05, 108 S.Ct. 904.

Finally, Zhao's argument regarding his "successive" asylum application is meritless. The BIA's reasoning to that effect, in matter of *C–W–L*, 24 I. & N. Dec. 346 (B.I.A.2007), was upheld by our court in *Yuen Jin v. Mukasey*, 538 F.3d 143 (2d Cir.2008) (holding that aliens subject to final removal orders must obtain a reopening of their removal orders before being able to file a successive asylum petition). That holding applies directly to this case.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule

of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).