**Abbas Habibbhai UKANI, Fatima A. Ukani, Petitioners,**

**v.**

**Eric H. HOLDER Jr.,[1] United States Attorney General, Respondent.**

**No. 08–4452–ag.**

United States Court of Appeals, Second Circuit.

July 16, 2009.

George R. Willy, Esq., Sugar Land, TX, for Petitioners.

Michael F. Hertz, Acting Assistant Attorney General, Civil Division; Linda S. Wernery, Assistant Director; Susan Bennett Green, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, and PIERRE N. LEVAL, REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioners Abbas Habibbhai Ukani and Fatima A. Ukani, both natives and citizens of India,[2] seek review of an August 11, 2008 order of the BIA denying their motion to reconsider. *In re Abbas Habibbhai Ukani, Fatima A. Ukani*, Nos. A73 646 317/288 (B.I.A. Aug. 11, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reconsider for abuse of discretion. *See Zhao Quan Chen v. Gonzales*, 492 F.3d 153, 154 (2d Cir.2007). A motion to reconsider must be filed with the BIA within 30

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

**2.** For reasons unknown, Petitioners assert in their briefs that they are "Pakistani nationals." Petitioner's exact nationality makes no difference to our decision.

days after the mailing of the BIA decision being challenged. 8 U.S.C. § 1229a(a)(c)(6); 8 C.F.R. § 1003.2(b)(2). There is no exception to the filing deadline for such motions. *Matter of J–J–,* 21 I. & N. Dec. 976, 978 (B.I.A.1997). In addition, a motion to reconsider must specify errors of fact or law in the challenged BIA decision and be supported by pertinent authority. 8 C.F.R. § 1003.2(b)(2); *Jian Hui Shao v. Mukasey,* 546 F.3d 138, 173 (2d Cir.2008).

The BIA did not abuse its discretion when it denied Petitioners' motion to reconsider where Petitioners failed to identify specific errors of fact or law in the BIA's order denying their motion to reopen. *See* 8 C.F.R. § 1003.2(b)(2); *Jian Hui Shao,* 546 F.3d at 173. Petitioners' arguments to the contrary are unavailing. First, Petitioners argue that the BIA mistakenly concluded that it was deprived of jurisdiction to consider the merits of their motion to reopen because the motion was number-barred. The BIA, however, never made such a finding.

To the extent that Petitioners argue that this Court should order the BIA to exercise its *sua sponte* authority to conduct further analysis of the merits of the underlying motion to reopen, that argument also fails. We lack jurisdiction to review the BIA's decision not to reopen proceedings *sua sponte. See Azmond Ali v. Gonzales,* 448 F.3d 515, 517–18 (2d Cir.2006).

To the extent petitioners argue that the BIA should not have found their second motion to reopen number-barred because their first motion was based on ineffective assistance of counsel and therefore did not count toward the numerical limitations on motions to reopen, petitioners cite to no legal authority whatsoever to support this argument. Moreover, Petitioners failed to raise this issue to the BIA, and we therefore decline to address it. *See Lin Zhong*

*v. U.S. Dep't of Justice,* 480 F.3d 104, 107 n. 1, 122–23 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.