**AI FENG CHEN, also known as Yi Chen Lin, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

No. 09–1409–ag.

United States Court of Appeals, Second Circuit.

Oct. 29, 2009.

Lee Ratner, New York, NY, for Petitioner.

Tony West, Assistant Attorney General, Barry J. Pettinato, Assistant Director, Carmel A. Morgan, Trial Attorney, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: JON O. NEWMAN, ROBERT A. KATZMANN, GERARD E. LYNCH, Circuit Judges.

### SUMMARY ORDER

Petitioner Ai Feng Chen, a native and citizen of China, seeks review of the March 16, 2009 order of the BIA denying her motion to reconsider. *In re Ai Feng Chen,* No. A077 977 926 (B.I.A. Mar. 16, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *Zhao Quan Chen v. Gonzales,* 492 F.3d 153, 154 (2d Cir.2007) (per cu-

riam). We find no abuse of discretion in this case.

### I. Motion to Reconsider

The BIA properly denied Chen's motion to reconsider. While a motion to reconsider must specify errors of fact or law in the BIA's decision, *see* 8 C.F.R. § 1003.2(b)(1), Chen's argument that the BIA "ignored" material factual and legal errors that she described in her motion is without merit. To the contrary, in its decision, the BIA addressed the very issues she claims it ignored. Therefore, the BIA did not abuse its discretion in denying Chen's motion.

### II. Motion to Reopen

Chen further argues that the BIA erred by denying her motion as time and number barred because she was entitled to file a motion to reconsider. That argument misunderstands the BIA's decision, which construed her motion as both a motion to reopen and a motion to reconsider. The BIA properly construed the motion as seeking reopening because Chen submitted additional evidence in support of her motion. *See* 8 C.F.R. § 1003.2(c)(2); *Jie Chen v. Gonzales*, 436 F.3d 76, 78–79 (2d Cir.2006) (noting that the BIA must construe motions not just on their captions but also on their substance). The regulations permit an alien to file one motion to reopen and require that it be filed within 90 days after the date on which a final administrative decision was rendered in the proceeding sought to be reopened. *See* 8 C.F.R. § 1003.2(c)(2). Thus, contrary to Chen's argument, the BIA properly denied her motion to reopen because it was the second such motion she had filed and was filed more than 90 days after the final administrative decision was rendered, and none of the exceptions to the time and number limitations apply.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).