Enoh v. Sessions

BIA
A095 420 131

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of August, two thousand seventeen.

PRESENT:
    JON O. NEWMAN,
    JOHN M. WALKER, JR.,
    CHRISTOPHER F. DRONEY,
        *Circuit Judges.*
_____

TERENCE ENOH ENOH,
        *Petitioner,*

    v.                                        15-3494
                                              NAC
JEFFERSON B. SESSIONS, III, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Eric Niba, Niba & Associates, Atlanta, GA.

FOR RESPONDENT:        Chad Readler, Acting Assistant Attorney General; Kiley Kane, Senior Litigation Counsel; Kathryn M. McKinney, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED in part, DENIED in part, and the case is REMANDED for further proceedings consistent with this order.

Petitioner Terence Enoh Enoh, a native and citizen of Cameroon, seeks review of an October 5, 2015, decision of the BIA denying his motion to reconsider and reopen. *In re Terence Enoh Enoh,* No. A095 420 131 (B.I.A. Oct. 5, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where, as here, an alien files a motion that seeks both reconsideration of a prior decision and reopening of proceedings, we treat the motion as comprising distinct motions to reconsider and reopen. *See Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006). We review the BIA's denial of motions to reconsider and reopen for abuse of discretion. *Zhao Quan Chen v. Gonzales*, 492 F.3d 153, 154 (2d Cir. 2007). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

2

I.   Motion to Reopen

An alien seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered.  8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2).  It is undisputed that Enoh's August 2015 motion to reopen was untimely and number barred because it was his second motion to reopen and was filed nine months after his order of removal became final in November 2014.  *See* 8 U.S.C. § 1101(a)(47)(B)(i).  These time and numerical limitations may be excused, however, if the motion is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceedings."  8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

Upon review, we conclude that the BIA abused its discretion when it failed to address country conditions evidence relevant to Enoh's Christianity-based persecution claim, which he raised for the first time in his supplemental affidavit.  The BIA acknowledged that Enoh submitted the supplemental affidavit, but it made no findings as to whether country conditions had

3

materially changed for Christians in Cameroon.  That was error. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) ("[T]he BIA abuses its discretion if it fails completely to address evidence of changed country conditions offered by a petitioner."); *Poradisova v. Gonzales*, 420 F.3d 70, 81 (2d Cir. 2005) ("IJs and the BIA have a duty to explicitly consider any country conditions evidence submitted by an applicant that materially bears on his claim.  A similar, if not greater, duty arises in the context of motions to reopen based on changed country conditions.").  Moreover, while Enoh had been found not credible in his underlying proceedings as to his past political activities, that finding does not impugn his Christianity-based claim or obviate the need to consider relevant country conditions.  *See Paul v. Gonzales*, 444 F.3d 148, 154 (2d Cir. 2006) ("[A]n [asylum] applicant may prevail on a theory of future persecution despite an IJ's adverse credibility ruling as to past persecution, *so long as the factual predicate of the applicant's claim of future persecution is independent of the testimony that the IJ found not to be credible*.").  Accordingly, we grant in part the petition for review with respect to Enoh's Christianity-based claim for reopening and remand to the BIA to consider whether Enoh's evidence concerning

4

the treatment of Christians in Cameroon amounts to materially changed country conditions.

However, the petition is denied as to the following. We find no abuse of discretion in the BIA's determination that Enoh failed to demonstrate a material change in country conditions for his political-based persecution claim, which turned on his support for the Southern Cameroon National Council ("SCNC"). "In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *See In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007). Here, the BIA properly observed that the evidence linking SCNC with Boko Haram was not new or previously unavailable because this linkage began before Enoh's merits hearing in September 2012. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). The BIA also reasonably determined that Enoh's generalized country conditions evidence showed a continuation of the same or similar conditions for SCNC members that existed at the time of his merits hearing, rather than materially changed conditions or circumstances. *See Jian Hui Shao*, 546 F.3d at 169.

5

We further conclude that the BIA did not abuse its discretion in finding no material change in country conditions based on Enoh's individualized evidence. The BIA properly observed that the SCNC member statements were not new or previously unavailable because, with the exception of the account of the police's recent efforts to locate Enoh, they described events that occurred before Enoh's merits hearing in 2010. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). The BIA also properly declined to credit the representations in the statements of the SCNC members and Enoh's family about the police's recent search for him based on the underlying adverse credibility determination. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147-48 (2d Cir. 2007) (holding that the agency may properly conclude that a prior adverse credibility determination undermines the authenticity of documentary evidence filed in support of a motion to reopen); *see also Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

Accordingly, we find no abuse of discretion in the BIA's denial of Enoh's motion to reopen with respect to his SCNC-based claim.

## II.  Motion to Reconsider

Finally, we deny the petition to the extent that it challenges the BIA's denial of reconsideration of the immigration judge's adverse credibility determination.  *See* 8 C.F.R. § 1003.2(b)(1)-(2); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir. 2001).  Enoh's August 2015 motion to reconsider was filed more than 30 days after the BIA's 2014 decision affirming the adverse credibility determination.  Accordingly, the BIA did not abuse its discretion in denying the motion as untimely.

For the foregoing reasons, the petition for review is GRANTED in part, DENIED in part, and the case is REMANDED for further proceedings consistent with this order.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk

7