17-1495(L)
Enoh v. Barr

BIA
A095 420 131

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of January, two thousand twenty.

PRESENT:
> JOHN M. WALKER, JR.,
> RICHARD J. SULLIVAN,
> > *Circuit Judges,*
> ALISON J. NATHAN,*
> > *District Judge.*

_____

TERENCE ENOH ENOH,
> *Petitioner,*

v.                                                                    17-1495(L)
                                                                      18-973(Con)
                                                                      19-1161(Con)

WILLIAM P. BARR, UNITED STATES

_____

* Judge Alison J. Nathan, of the United States District Court for the Southern District of New York, sitting by designation.

ATTORNEY GENERAL,

       *Respondent*.

_____

FOR PETITIONER:            SAMUEL HARBOURT, Orrick, Herrington & Sutcliffe, LLP, San Francisco, CA, (Robert M. Loeb, Matthew R. Shahabian, Orrick, Herrington & Sutcliffe, LLP, Washington, DC and New York, NY, *on the brief*).

FOR RESPONDENT:       KATHRYN M. MCKINNEY, Trial Attorney, (Joseph H. Hunt, Assistant Attorney General; Stephen J. Flynn, Assistant Director, *on the brief*), *for* Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the lead petition for review is GRANTED and the consolidated petitions for review are DENIED.

Petitioner Terence Enoh Enoh ("Enoh"), a native and citizen of Cameroon, seeks review of April 11, 2017, March 6, 2018, and March 29, 2019 decisions of the BIA denying his motions to reopen and reconsider. *In re Terence Enoh Enoh,* No. A095 420 131 (B.I.A. Apr. 11, 2017, Mar. 6, 2018, Mar. 29, 2019).

We review the BIA's denial of motions to reconsider and reopen for abuse of discretion. *See Zhao Quan Chen v. Gonzales*, 492 F.3d 153, 154 (2d Cir. 2007).

The BIA abuses its discretion if its "decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur v. BIA*, 413 F.3d 232, 233-34 (2d Cir. 2005) (internal quotation marks omitted).

## I.      Lead petition, 17-1495

In the lead petition, Enoh argues that the Department of Homeland Security ("DHS") breached its own confidentiality regulations when it disclosed to the Cameroon Embassy his membership in the outlawed Southern Cameroon National Council ("SCNC") as part of an effort to obtain travel documents relevant to Enoh's asylum application.   The BIA concluded that there was no breach because DHS did not expressly reveal that Enoh had applied for asylum.   We disagree.

The regulations prohibit disclosure of information that is "contained in" or that "pertain[s] to" any asylum application.   8 C.F.R. § 208.6.   This includes information sufficient to give rise to a reasonable inference that the applicant applied for asylum.   For instance, this inference may arise from information that (1) reveals the applicant's identity, (2) strongly suggests the applicant's basis for

3

asylum, and (3) reveals the applicant's presence in the United States or contact with the U.S. government. *See, e.g.*, *Zhen Nan Lin v. U.S. Dep't of Justice*, 459 F.3d 255, 262, 264–65 (2d Cir. 2006). In Enoh's case, the government submitted Enoh's name, the fact that he was in contact with U.S. immigration, and a document that reflected his membership in the SCNC, now outlawed in Cameroon, which was the basis of his application for asylum. This request revealed facts "that are sufficient to give rise to a reasonable inference that the applicant has applied for asylum," in violation of 8 C.F.R. § 208.6. *Id.* Because the BIA failed to provide a reasoned basis for denying Enoh's claim in light of the government's clear violation of 8 C.F.R. § 208.6, we hold that the BIA abused its discretion in denying Enoh's motion to reopen. *Kaur*, 413 F.3d at 233-34.

Moreover, we find that Enoh has met his burden of presenting a *prima facie* case that he is eligible for asylum, withholding, and relief under CAT based on a new risk of persecution or torture in light of the government's disclosure of his SCNC card and the treatment of SCNC members in Cameroon. *See Zhen Nan Lin*, 459 F.3d at 268; *see also Guo v. Ashcroft*, 386 F.3d 556, 564 (3d Cir. 2004) ("[While w]e might ordinarily remand for application of the proper standard[,] . . . in this case, we conclude as a matter of law that the evidence . . . in support of

4

[petitioner's] motion to reopen constitutes *prima facie* evidence."). This claim must be considered on remand. As we stated in *Zhen Nan Lin*, "[o]n remand . . . the BIA should consider the significant evidence – and any additional evidence [Enoh] produces – that points to [Enoh] having a well-founded fear of persecution" or that Enoh will more likely than not be tortured "based on the government's violation of section 208.6, as well as any reliable evidence that may be produced by the government to the contrary." *Id.* at 268.

## II.    Consolidated petition, 18-973

In this consolidated petition, Enoh also challenges the BIA's denial of his motion to reopen his asylum application based on changed conditions for Christians in Cameroon. The agency concluded that Enoh had not established a change in conditions because the newly presented evidence of extremist violence by Boko Haram was not specifically directed at Christians and was not occurring throughout Cameroon. We review the denial of reopening for abuse of discretion and the BIA's conclusion regarding country conditions for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). It is undisputed that Enoh's motion was untimely, as it was filed more than 90 days after his final order of removal. Therefore, to justify a reopening of his asylum application, he

5

must show a change in conditions in Cameroon material to his fear of religious persecution. *See* 8 U.S.C. § 1229a(c)(7)(C)(i), (ii); 8 C.F.R. § 1003.2(c)(2), (3). The BIA did not abuse its discretion because Enoh failed to show such a material change in conditions.

Enoh claims that he fears persecution because the Nigerian extremist group Boko Haram is killing Christians in Cameroon who refuse to convert to Islam. However, the evidence of general country conditions he submitted in support of his motion does not discuss how Christians are targeted. The articles discussing violence by Boko Haram do not mention Christians being targeted and instead indicate that Boko Haram has generally attacked both military and civilian targets, including an army camp and a market. Similarly, the State Department reports relied on by Enoh do not mention violence towards Christians or actions by Boko Haram against Christians. Accordingly, Enoh's generalized evidence of violence and crime is not sufficient to show a change in conditions material to a claim for asylum, withholding of removal, or CAT relief. *See Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999) (holding that an increase in general crime cannot support an asylum claim because a well-founded fear of persecution must be on account of an enumerated protected ground); *see also Mu-Xing Wang v. Ashcroft*,

6

320 F.3d 130, 144 (2d Cir. 2003) (requiring CAT applicant to show someone in his "particular alleged circumstances is more likely than not to be tortured" (emphasis omitted)).

### III.    Consolidated petition, 19-1161

Enoh's most recent consolidated petition seeks review of the BIA's denial of his motion to reopen his case based on the Supreme Court's decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018).   Specifically, Enoh relies on *Pereira* to argue that the agency lacked jurisdiction over his removal proceedings because his Notice to Appear ("NTA") did not provide a hearing date or time.   This argument is foreclosed by our decision in *Banegas Gomez v. Barr*, 922 F.3d 101 (2d Cir. 2019), which held that an NTA that omits the hearing date and time is nevertheless still sufficient to vest jurisdiction in the immigration court "so long as a notice of hearing specifying this information is later sent to the alien."   922 F.3d at 112. Although Enoh's initial NTA did not specify the date and time of his hearing in immigration court, he subsequently received adequate notice of his hearings, at which he appeared.

For the foregoing reasons, the lead petition for review is GRANTED, the BIA's April 11, 2017 order is REVERSED, and the case is REMANDED to the BIA

for further proceedings consistent with this Order – in particular, for consideration of whether Enoh has a well-founded fear of persecution based on DHS's disclosure of his SCNC membership card.   The consolidated petitions are DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court