Feng v. Garland

BIA
A206 288 238

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of April, two thousand twenty-one.

PRESENT:
>ROBERT D. SACK,
>DENNY CHIN,
>WILLIAM J. NARDINI,
>>*Circuit Judges.*

------------------------------------------------------------

XUEXIA FENG,
>*Petitioner,*

>v.                                              19-42
>                                                NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,*
>*Respondent.*

------------------------------------------------------------

FOR PETITIONER:          Rakhvir K. Dhanoa, Esq., New York, NY.

FOR RESPONDENT:          Brian M. Boynton, Assistant Attorney General; Jessica A. Dawgert, Senior Litigation

---

* Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Merrick B. Garland is automatically substituted for former Attorney Jeffrey A. Rosen.

Counsel; Christopher Buchanan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xuexia Feng, a native and citizen of the People's Republic of China, seeks review of a December 12, 2018 decision of the BIA denying her motion to reopen her removal proceedings. *In re Xuexia Feng,* No. A 206 288 238 (B.I.A. Dec. 12, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have jurisdiction to review only the BIA's denial of Feng's motion to reopen. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006) (*per curiam*); *Ke Zhen Zhao v. U.S. DOJ*, 265 F.3d 83, 89-90 (2d Cir. 2001). We review the BIA's denial of a motion to reopen for abuse of discretion. *See Zhao Quan Chen v. Gonzales*, 492 F.3d 153, 154 (2d Cir. 2007) (*per curiam*). The BIA abuses its discretion if its "decision provides no rational

explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur v. BIA*, 413 F.3d 232, 233–34 (2d Cir. 2005) (*per curiam*) (internal quotation marks omitted). A motion to reopen must be based on new, previously unavailable evidence, and that evidence must make a prima facie case for the relief sought. *See* 8 C.F.R. § 1003.2(c)(1); *INS v. Doherty*, 502 U.S. 314, 323 (1992). The dispositive issue is whether Feng's new evidence established her prima facie eligibility for relief, i.e., either through past persecution or a well-founded fear of persecution in China or a likelihood of persecution or torture in either China or Venezuela. The BIA did not abuse its discretion by denying Feng's motion to reopen.

The applicant has the "heavy burden of demonstrating a likelihood that the new evidence presented would alter the result in the case." *Li Yong Cao v. U.S. DOJ*, 421 F.3d 149, 156 (2d Cir. 2005) (internal quotation marks omitted). Feng failed to meet that burden because she based her

3

motion on the same claim—that she was beaten and detained for seeking benefits for her father—that had previously been found not credible. *See Kaur*, 413 F.3d at 234 (finding no abuse of discretion where evidence presented with motion was not "material because it did not rebut the adverse credibility finding that provided the basis for the [Immigration Judge's] denial of petitioner's underlying asylum application" (internal quotation marks omitted)).

As to Venezuela, Feng argued that she could not return because conditions had deteriorated and Chinese nationals were targets of crime and violence. The BIA reasonably determined that this new evidence did not state a prima facie case for withholding of removal because it did not implicate a protected ground. Feng's new evidence showed an increase in crime in Venezuela, causing many to flee the country. A U.S. Department of State Travel Advisory warns that "violent crime, such as homicide, armed robbery, kidnapping, and carjacking is common." Although Feng argued that Chinese nationals are particular targets of crime in Venezuela, the evidence shows that Chinese nationals are leaving Venezuela because of the violence and

4

failing economy, not that they are being targeted for persecution. To the extent that Feng moved to reopen to apply for Convention Against Torture relief, she relied on the same facts underlying her claim for withholding of removal and, as the agency found, her evidence did not show that Chinese nationals were singled out for harm. *See* 8 C.F.R. §§ 1208.16(c)(2) (placing burden on applicant to show that she is "more likely than not" to be tortured), 1208.18(a)(1) (defining torture as severe harm by, or with the acquiescence of, public officials).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5