*Nivicela-Villa v. Garland*

BIA
A205 302 098

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of August, two thousand twenty-three.

PRESENT:

> RICHARD J. SULLIVAN,
> STEVEN J. MENASHI,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

CRISTIAN ANDRES NIVICELA-VILLA,
> *Petitioner*,

v.

No. 20-598
NAC

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

| | |
|---|---|
| **For Petitioner:** | Michael Borja, Borja Law Firm, P.C., Jackson Heights, NY. |
| **For Respondent:** | Jeffery Bossert Clark, Acting Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Timothy Bo Stanton, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Cristian Andres Nivicela-Villa, a native and citizen of Ecuador, seeks review of a January 16, 2020 decision of the BIA denying his motion for reconsideration of the BIA's August 23, 2019 summary dismissal of his appeal for failure to timely file a brief.[1]  *In re Nivicela-Villa*, No. A 205 302 098 (B.I.A. Jan. 16, 2020).  We assume the parties' familiarity with the underlying facts and procedural history.

---

[1] While Nivicela-Villa styled his motion as one for reopening, the BIA construed it as a motion to reconsider.  Because Nivicela-Villa's brief does not challenge that aspect of the BIA's decision, we do not review it here.  *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

Rather than challenge the BIA's denial of his motion to reconsider – the only order as to which he has filed a timely petition to this Court – Nivicela-Villa asks us to review the merits of the Immigration Judge's ("IJ") order of removal. But the IJ's decision is beyond the scope of our review. *See Zhao v. U.S. Dep't of Just.*, 265 F.3d 83, 90 (2d Cir. 2001) (holding that on petition to review the BIA's denial of a motion to reconsider, "we are precluded from passing on the merits of the underlying exclusion proceedings" and, as a result, the "petitioner's assertions [relating to the hearing before the IJ] are not before us"). Because Nivicela-Villa's brief does not challenge – or even acknowledge – the BIA's denial of his motion for reconsideration, we must deny the petition. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006) (denying petition to review the BIA's denial of a motion to reconsider, where, as here, the petitioner briefed the merits of the underlying claim, without explaining why the BIA abused its discretion in denying reconsideration).

In any event, the BIA did not abuse its discretion in denying Nivicela-Villa's motion for reconsideration. *See Zhao Quan Chen v. Gonzales*, 492 F.3d 153, 154 (2d Cir. 2007) ("The BIA's denial of a motion to reopen or reconsider is reviewed for abuse of discretion."). In his motion, Nivicela-Villa argued that his appeal should

3

not have been summarily dismissed for failure to file a brief because his counsel had requested a filing extension. But filing "an extension request does not automatically extend the filing deadline." *See* BIA Practice Manual, ch. 4.7(c) (2019). Indeed, the BIA's Practice Manual explicitly states that, unless the BIA "affirmatively grants an extension request, the existing deadline stands." *Id.* Because the BIA never granted Nivicela-Villa's request for an extension, we discern no abuse of discretion in its decision to summarily dismiss the appeal for failure to timely file a brief. *See* 8 C.F.R. § 1003.1(d)(2)(i)(A), (E) (2019).

We also agree with the BIA that Nivicela-Villa's proposed brief failed to demonstrate that the IJ erred in finding that he was not credible and that his claim was not adequately corroborated. Critically, Nivicela-Villa did not meaningfully challenge the IJ's multiple bases for its adverse-credibility finding, including the IJ's observation that Nivicela-Villa's testimony was "seemingly scripted" and conveyed in a "very mechanical" manner, "lacking in nuance to be believed." Certified Admin. Record at 68. Nor did Nivicela-Villa persuasively explain the discrepancies related to where he had lived and whether he was employed in the United States. We thus discern no abuse of discretion in the BIA's denial of Nivicela-Villa's motion for reconsideration.

For the foregoing reasons, the petition for review is **DENIED**.   All pending

motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court