Singh v. Garland

BIA
A208 188 486

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of March, two thousand twenty-four.

PRESENT:
>REENA RAGGI,
>JOSEPH F. BIANCO,
>BETH ROBINSON,
>>*Circuit Judges.*

_____

AMRITPAL SINGH,
>*Petitioner,*

v.                                                              **21-6602**
                                                               **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>*Respondent.*

_____

**FOR PETITIONER:**  Anas J. Ahmed, Esq., Jackson Heights, NY.

**FOR RESPONDENT:**  Brian Boynton, Principal Assistant Attorney General; John S. Hogan, Assistant Director; Christina R. Zeidan, Trial Attorney, Gordon Y. Siu, Law Clerk, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Amritpal Singh, a native and citizen of India, seeks review of an October 19, 2021 decision of the BIA denying his motion to reopen his removal proceedings.  *In re Amritpal Singh*, No. A 208 188 486 (B.I.A. Oct. 19, 2021).  We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion.  *See Zhao Quan Chen v. Gonzales*, 492 F.3d 153, 154 (2d Cir. 2007).  The BIA abuses its discretion if its "decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner."  *Ke Zhen Zhao v. U.S. Dep't of Just.*,

2

265 F.3d 83, 93 (2d Cir. 2001) (citations omitted).   We review the factual

determinations underlying a denial of reopening for substantial evidence.   *See*

*Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (reviewing country

conditions determination for substantial evidence).   The application of law to

undisputed fact in a due diligence analysis is a question of law subject to de novo

review.   *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1067, 1068 (2020); *Dale v. Barr*, 967 F.3d

133, 138 (2d Cir. 2020) (reviewing constitutional claims and questions of law de

novo).

It is undisputed that Singh's December 2020 motion to reopen was untimely

filed more than 90 days after the BIA's February 2020 dismissal of his appeal.   *See*

8 U.S.C. § 1229a(c)(7)(C)(i).   The 90-day deadline may be equitably tolled based

on ineffective assistance of counsel, *see Rashid v. Mukasey*, 533 F.3d 127, 130 (2d Cir.

2008), if the movant can demonstrate that he "exercised due diligence in pursuing

the case during the period [he] seeks to toll," *Iavorski v. U.S. INS*, 232 F.3d 124, 135

(2d Cir. 2000); *see Cedie v. INS*, 435 F.3d 167, 171 (2d Cir. 2006) (stating that movant

"bear[s] the burden of proving that [he] w[as] in fact diligent").   "This includes

both the period of time before the ineffective assistance of counsel was or should

3

have been discovered and the period from that point until the motion to reopen is filed." *Rashid*, 533 F.3d 132. There is no "magic period of time" for equitable tolling. *Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007). Whether the noncitizen acted within a reasonable amount of time depends on the circumstances of each case. *See Id.*

Here, the BIA did not abuse its discretion in denying Singh's motion to reopen. The BIA determined that Singh did not exercise reasonable diligence in waiting 10 months after the dismissal of his appeal before moving to reopen because Singh was aware of the facts underlying his ineffective assistance claim at the time of his hearing before the IJ. The record supports this conclusion.

Singh alleges that his prior counsel was ineffective because he (1) misstated facts in Singh's asylum application; and (2) submitted to the BIA a "boilerplate brief addressed to a different alien and claim altogether." Appellant's Br. 13. Singh alleges that he did not learn of the misstatements in the application or the failure to file a proper appellate brief until December 2020, when he consulted with new counsel.

As to the misstatements, Singh was questioned several times at the hearing

4

about factual discrepancies between his application and his hearing testimony. While he responded that he did not know why his application contained those facts, in an affidavit he acknowledged being present while his counsel filled out his application, and repeatedly confirmed during the hearing that the information contained therein was incorrect. Also, Singh was present for the IJ's oral decision, which included an adverse credibility determination based on inconsistencies between his testimony and his application. This record thus supports the conclusion that Singh knew, or should have known, as of his IJ hearing date that his attorney was responsible for misstatements in his application. His failure to raise this issue until December 2020—more than 2 years after the hearing, 10 months after the BIA dismissed his appeal, and 7 months after the time to move to reopen expired, demonstrates a lack of due diligence. *See Rashid*, 533 F.3d at 132 (finding lack of diligence where petitioner failed to act for 14 months after he knew or should have known of allegedly ineffective assistance of counsel); *Wang*, 508 F.3d at 715–16 (finding lack of diligence where petitioner waited more than eight months to exercise rights).

As to the "boilerplate" appellate brief, Singh argues that he did not know or

have reason to know about the issue until consulting with his new counsel. However, Singh acknowledges that he learned of the BIA's dismissal of his appeal shortly after it issued. He does not claim to have taken any steps in the next ten months to investigate grounds to reopen despite being on notice of both problems with counsel since the hearing and counsel's failure to respond to requests for a copy of the BIA's decision. On this record, the BIA did not err in concluding that Singh failed to exercise due diligence during the entire period he sought to toll.

Finally, Singh argues that he acted promptly after learning that he had to report for removal. But that removal notice does not excuse Singh's knowledge of the facts underlying his ineffective assistance claim, which imposed a due diligence obligation on him to act sooner in seeking reopening.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6