Woozencroft v. Sessions

BIA
A205 497 485

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of December, two thousand seventeen.

PRESENT:
>
>        JOHN M. WALKER, JR.,
>        REENA RAGGI,
>        CHRISTOPHER F. DRONEY,
>              *Circuit Judges.*

_____

DAMIAN RUDOLPH WOOZENCROFT, AKA
RICHARD BLACKWELL,
          *Petitioner,*

          v.                                        16-1343
                                                    NAC

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
          *Respondent.*

_____

FOR PETITIONER:          Mikhail Izrailev (and Parisa
                         Karaahmet, *on the brief*), Fragomen,
                         Del Rey, Bernsen & Loewy, LLP, New
                         York, N.Y.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Claire L. Workman,
                         Senior Litigation Counsel; Jane T.
                         Schaffner, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Damian Rudolph Woozencroft, a native and citizen of Jamaica, seeks review of a March 18, 2016, decision of the BIA denying his motions to reconsider and reopen. *In re Damian Rudolph Woozencroft,* No. A205 497 485 (B.I.A. Mar. 18, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of motions to reconsider and reopen for abuse of discretion. *See Zhao Quan Chen v. Gonzales*, 492 F.3d 153, 154 (2d Cir. 2007). The BIA abuses its discretion if its "decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Kaur v. BIA*, 413 F.3d 232, 233-34 (2d Cir. 2005) (quoting *Ke Khen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2005)).

Motions to reconsider must "specify[] the errors of fact or law in the prior Board decision." 8 C.F.R. § 1003.2(b)(1).

2

"A motion to reopen proceedings shall not be granted unless it appears to the B[IA] that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." *Id*. § 1003.2(c)(1). The BIA "ordinarily will not grant [a motion to reopen] unless the movant has met the 'heavy burden' of demonstrating a likelihood that the new evidence presented would alter the result in the case." *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005) (quoting *Matter of Coelho*, 20 I. & N. Dec. 464, 471-72 (B.I.A. 1992)).

First, the BIA did not abuse its discretion in denying Woozencroft's motion to reconsider its denial of his third briefing extension request. *See Kaur*, 413 F.3d at 233-34. Although Woozencroft reiterated in his motion that he was awaiting surgery and could not file a brief because of his poor vision, he did not "specify[] [any] errors of fact or law in the prior Board decision" denying his briefing extension request as required. 8 C.F.R. § 1003.2(b)(1). Therefore, the BIA did not abuse its discretion in denying reconsideration. *See id.; Kaur*, 413 F.3d at 233-34. Further, as the Government points out, we previously concluded that "[t]he [BIA's] denial of a [third] briefing extension was not a due process

3

violation." 2d Cir. 16-469, doc. 46 (Order). We adhere to that determination as the law of the case. *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) ("The law of the case doctrine commands that 'when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case' unless 'cogent and compelling reasons militate otherwise.'" (quoting *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002))).

Second, the BIA did not abuse its discretion in denying Woozencroft's motion to reopen. Woozencroft reiterated in his motion his desire to submit a brief and additional evidence; however, in neither his motion to reopen nor his brief in this Court does Woozencroft identify the additional evidence he sought to submit. The BIA did not abuse its discretion in denying reopening because Woozencroft did not support his motion with any new evidence and therefore failed to "demonstrat[e] a likelihood that the new evidence presented would alter the result in the case." *See Li Yong Cao*, 421 F.3d at 156; 8 C.F.R. § 1003.2.

Lastly, to the extent that the BIA construed Woozencroft's motions as requests to reconsider or reopen sua sponte, we lack jurisdiction to review the BIA's "entirely discretionary"

4

decision to decline to exercise its sua sponte authority. *See Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006); *see also* 8 C.F.R. § 1003.2(a). Although there is an exception allowing remand "where the Agency may have declined to exercise its sua sponte authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail," *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009), this exception does not apply here, and Woozencroft does not contend that it does.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5