20-586(L)
*Mazariegos v. Garland*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of April, two thousand twenty-one.

PRESENT:    Guido Calabresi,
            Steven J. Menashi,
                    *Circuit Judges,*
            John G. Koeltl,
                    *District Judge.*[*]

_____

RAUL MAZARIEGOS, AKA RAUL
SANDOVAL ALALRCON, AKA
MARIO ROLANDO MARTINEZ,

            *Petitioner,*

_____

[*] Judge John G. Koeltl, United States District Judge for the Southern District of New York, sitting by designation.

v.

No. 20-586(L),
20-1922(Con)

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,

Respondent.†

_____

| | |
|---|---|
| *For Petitioner*: | S. Bernard Schwarz, S. Bernard Schwarz & Associates, New York, NY. |
| *For Respondent*: | Jeffrey Bossert Clark, Acting Assistant Attorney General; Claire L. Workman, Assistant Director; Edward C. Durant, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

UPON DUE CONSIDERATION of these petitions for review of Board of

Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, and

DECREED that the lead petition is DISMISSED and the consolidated petition is

DENIED.

---

† The Clerk of Court is directed to amend the caption as set forth above.

Petitioner Raul Mazariegos, a native and citizen of Guatemala, seeks review of a January 17, 2020, decision of the BIA affirming an April 17, 2018, decision of an Immigration Judge ("IJ") denying Mazariegos's application for cancellation of removal, and a June 11, 2020 decision of the BIA denying his motion to reopen. *In re Raul Mazariegos*, No. A 097 519 228 (B.I.A. Jan. 17, 2020), *aff'g* No. A 097 519 228 (Immig. Ct. Apr. 17, 2018); *In re Raul Mazariegos*, No. A 097 519 228 (B.I.A. Jun. 11, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

## I

We dismiss the lead petition, No. 20-586, for lack of jurisdiction.

Mazariegos challenges the denial of cancellation of removal. To obtain cancellation, he had to establish, among other requirements, that his removal "would result in exceptional and extremely unusual hardship to" a qualifying relative—here, his three children. 8 U.S.C. § 1229b(b)(1). Our review is limited to the hardship determination because the BIA affirmed the IJ's decision on that ground alone. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Our jurisdiction to review the denial of cancellation of removal based on an applicant's failure to satisfy the hardship requirement is limited to constitutional

3

claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(B)(i), (D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39-40 (2d Cir. 2008).

Hardship requires a nonpermanent resident to demonstrate that "qualifying relatives would suffer hardship that is substantially different from, or beyond, that which would normally be expected from the deportation of an alien with close family members." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (B.I.A. 2001).

Mazariegos's argument—that the agency overlooked the economic impact of his departure on the children, who will stay in the United States if he is removed, and the indirect effect that their mother's stress and economic burden will cause the children—is not colorable. The record here reflects that the agency considered all the evidence. To the extent that Mazariegos disputes the agency's factual findings and exercise of discretion, these are not reviewable. *See Barco-Sandoval*, 516 F.3d at 39.

## II

We deny the consolidated petition, No. 20-1922, in which Mazariegos challenges the BIA's denial of his motion to reopen.

We review the denial of the motion for abuse of discretion. *See Zhao Quan Chen v. Gonzales*, 492 F.3d 153, 154 (2d Cir. 2007).

4

Mazariegos's brief does not address the grounds on which the BIA denied his motion. He argues that the IJ failed to provide a reasoned decision for not closing his case when he requested prosecutorial discretion. This argument is misplaced because he did not request administrative closure before the IJ and there was no basis for the IJ to raise the issue given the Department of Homeland Security's determination it would not exercise prosecutorial discretion in Mazariegos's favor. Mazariegos has thus abandoned his challenge to the denial of reopening. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n.7 (2d Cir. 2005). Even were we to reach the BIA's grounds for denying reopening, we would find no abuse of discretion. Mazariegos sought reopening to pursue prosecutorial discretion, but, as the BIA stated, Mazariegos can seek an exercise of that discretion without administrative closure or reopening. *See* 8 U.S.C. § 1231(c)(2)(A); 8 C.F.R. § 241.6(a). Mazariegos's argument for reopening based on New York's legislation retroactively reducing sentences for class A misdemeanors was immaterial because the BIA did not rely on his conviction in denying cancellation of removal.

\* \* \*

For the foregoing reasons, the lead petition is DISMISSED and the consolidated petition is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court