Dorville v. Garland

BIA
A205 308 642

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30ᵗʰ day of August, two thousand twenty-three.

PRESENT:
   DENNIS JACOBS,
   RAYMOND J. LOHIER, JR.,
   EUNICE C. LEE,
      *Circuit Judges.*

_____

DWIGHT HILLJEFF DORVILLE,
      *Petitioner,*

   v.                                          **21-6640**
                                               **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
      *Respondent.*

_____

**FOR PETITIONER:** Craig Relles, Law Office of Craig Relles, White Plains, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Nancy Friedman, Senior Litigation Counsel; Margaret A. O'Donnell, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Dwight Hilljeff Dorville, a native and citizen of St. Lucia, seeks review of a December 2, 2021 decision of the BIA denying his motion to reopen and reconsider. *In re Dwight Hilljeff Dorville*, No. A 205 308 642 (B.I.A. Dec. 2, 2021). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the BIA's denial of the motion for abuse of discretion. *See Zhao Quan Chen v. Gonzales*, 492 F.3d 153, 154 (2d Cir. 2007); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006). A motion to reconsider must be filed within 30 days of the final order of removal, and a motion to reopen must be filed

2

within 90 days. 8 U.S.C. § 1229a(c)(6)(B), (7)(C)(i); 8 C.F.R. § 1003.2(b)(2), (c)(2). Dorville does not dispute that his 2021 motion was untimely filed eight years after his 2013 final removal order.

Despite the untimely filing, the BIA addressed Dorville's argument regarding the agency's jurisdiction, treating it as a motion to reconsider. "A motion to reconsider contests the correctness of the original decision based on the previous factual record, as opposed to a motion to reopen, which seeks a new hearing based on new or previously unavailable evidence." *In re O–S–G–*, 24 I. & N. Dec. 56, 57–58 (B.I.A. 2006); *see also* 8 U.S.C. § 1229a(c)(6)(C), (7)(B); 8 C.F.R. § 1003.2(b), (c). The only error Dorville alleged in the underlying proceedings was that, pursuant to *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), the agency lacked jurisdiction because his notice to appear ("NTA") lacked the time and date of his hearing. Dorville does not raise this claim here. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (deeming issue waived when not meaningfully challenged on appeal). Regardless, the claim is foreclosed by *Banegas Gomez v. Barr*, 922 F.3d 101, 110–12 (2d Cir. 2019), which held that the agency has jurisdiction despite such a defect so long as a subsequent notice of hearing

3

specifying that information is provided. Although Dorville's NTA omitted the initial hearing date and time, he received hearing notices and attended his hearings.

The BIA did not abuse its discretion in denying Dorville's motion to reopen to apply for relief from removal. Dorville moved to reopen to apply to adjust status based on his marriage and to apply for cancellation of removal based on hardship to qualifying relatives, but neither form of relief implicates any statutory or regulatory exceptions to the filing deadline. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(3); *Matter of Yauri*, 25 I. & N. Dec. 103, 105 (B.I.A. 2009) ("We emphasize that untimely motions to reopen to pursue an application for adjustment of status . . . do not fall within any of the statutory or regulatory exceptions to the time limits for motions to reopen . . . and will ordinarily be denied."). Accordingly, the only options for excusing the deadline were equitable tolling or an exercise of the BIA's authority to reopen sua sponte.

As to adjustment, the BIA noted that Dorville did not exercise diligence because his visa was approved in 2014, but he did not file his motion to reopen until 2021. "Equitable tolling requires a party to pass with reasonable diligence

th[r]ough the period it seeks to have tolled." *Iavorski v. U.S. INS*, 232 F.3d 124, 134 (2d Cir. 2000) (alteration marks omitted) (quoting *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996)). Contrary to Dorville's assertion, he was notified that he had to file with the IJ to adjust status when he received confirmation that his visa was approved. He has not given a reason for his delay.

The only remaining basis for reopening to apply for adjustment of status was an exercise of the BIA's authority to reopen sua sponte despite the time limit. *See* 8 C.F.R. § 1003.2(a); *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009). The BIA's decision not to reopen sua sponte is "entirely discretionary" and beyond our "jurisdiction." *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006); *see also Li Chen v. Garland*, 43 F.4th 244, 252–53 (2d Cir. 2022). Although we may remand "where the Agency may have declined to exercise its *sua sponte* authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail," *Mahmood*, 570 F.3d at 469, such is not the case here. The BIA did not find that Dorville was ineligible to adjust status, only that his circumstances did not warrant sua sponte reopening.

As to cancellation, the BIA determined that Dorville did not exercise due

diligence as required for equitable tolling of the deadline and concluded that, even if diligent, he did not show prima facie eligibility for relief. These are independent bases for denying the motion, and Dorville does not assert error in the merits of the BIA's conclusion that he did not meet his burden to show prima facie eligibility. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008) (holding that the "ability to secure reopening depends on a demonstration of *prima facie* eligibility for [the relief sought], which means [the movant] must show a 'realistic chance' that she will be able to obtain such relief"). Because he has waived review of a dispositive basis for the denial of cancellation, we do not reach his equitable tolling argument. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."); *Yueqing Zhang*, 426 F.3d at 545 n.7.

Finally, Dorville challenges the agency's denial of sua sponte reopening as to cancellation of removal, arguing that the BIA misperceived the law by finding that he did not "promptly" move to reopen after the change in law. However, we lack jurisdiction to review the denial of sua sponte reopening and, as noted above,

6

absent prima facie eligibility for cancellation, there was no basis for reopening to pursue that relief even with equitable tolling. *See Li Chen*, 43 F.4th at 252–53; *Jian Hui Shao*, 546 F.3d at 168.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court